UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DRIVESMART AUTO CARE, INC., and DIGIDEV LLC d/b/a TRISEC WARRANTY,<br><br>*Defendants*. | Case No. 1:24-cv-08413<br><br>Hon. Joan H. Lefkow<br><br>ANSWER OF DEFENDANT DRIVESMART AUTO CARE, INC. WITH CROSS-CLAIM |
| DRIVESMART AUTO CARE, INC.,<br><br>*Cross-Claim Plaintiff*,<br><br>v.<br><br>DIGIDEV LLC d/b/a TRISEC WARRANTY,<br><br>*Cross-Claim Defendant*. | |

Defendant DriveSmart Auto Care, Inc. ("DriveSmart"), by and through its undersigned counsel, for its answer to the complaint, dated September 13, 2024 ("Complaint"), and asserts affirmative defenses, upon information and belief, as follows**:**

**1.** DriveAmart is without sufficient information to admit or deny the allegations in Paragraphs 1.-7, 9., 11.-20., 22.-32., 34.-36., 38., 45.-48., 54., and 61.-62. of the Complaint and so, for purposes of this Answer, DENIES all such allegations.

**2.** DriveSmart admits allegations in Paragraphs 8. and 21. of the Complaint.

**3.** DriveSmart denies allegations in Paragraph 10., 39.-44., 49.-53. (and subsections therein), 56.-59., and 63. of the Complaint.

1

4. Paragraph 33. is a nonsensical statement, and to the extent it contains any factual allegations, DriveSmart is without sufficient information to admit or deny the allegations in Paragraph 33. of the Complaint.

5. DriveSmart incorporates by references responses to all other paragraphs as if fully stated herein to Paragraphs 37., 55., and 60. of the Complaint.

## AFFIRMATIVE DEFENSES

6. DriveSmart, without admitting any liability, hereby asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

7. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted against DriveSmart.

### SECOND AFFIRMATIVE DEFENSE

8. Some or all of Plaintiff's claims and rights, if any, against DriveSmart may be barred by the equitable doctrines of laches, estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

9. The claims are barred, or in the alternative damages, as a result of Plaintiff's own actions and failure to complete performance required.

### FOURTH AFFIRMATIVE DEFENSE

10. Plaintiff may have failed to serve and/or join all necessary and indispensable parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

11. This Court lacks personal jurisdiction over DriveSmart.

**SIXTH AFFIRMATIVE DEFENSE**

12. The Court lacks jurisdiction because Plaintiff have not suffered actual harm and therefore has no Article III standing to sue.

**SEVENTH AFFIRMATIVE DEFENSE**

13. Digidev never intended to call Plaintiff, even if it did.

**EIGHTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred to the extent Plaintiff previously consented to receive the alleged communications.

**NINTH AFFIRMATIVE DEFENSE**

15. Defendant may qualify for the safe harbor provisions contained in the TCPA.

**TENTH AFFIRMATIVE DEFENSE**

16. Any alleged calls to Plaintiff were not "unwanted" or "unsolicited."

**ELEVENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's damages, if any, were caused by their own negligence, misconduct and actions, or that of third parties, and not by any actions of defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands

**FOURTEENTH AFFIRMATIVE DEFENSE**

20. Plaintiff lacks damages, or that the damages are inconsequential and *de minimis*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

3

**21.** DriveSmart has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.

### SIXTEENTH AFFIRMATIVE DEFENSE

**22.** Plaintiff had a duty to take reasonable steps to mitigate and/or avoid the alleged damages. Plaintiff failed to do so, and therefore may be barred, in whole or in part, from recovering damages in this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**23.** Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit, may preclude its liability to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**24.** Plaintiff consented to actions complained of in the Complaint.

**25.** Plaintiff's claims may be barred to the extent that Plaintiff acquiesced to the alleged conduct by Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

**26.** Defendant and its contractors had a First Amendment free speech right to make the alleged calls, if they were made.

### RESERVATION OF DEFENSES

**27.** DriveSmart expressly reserves the right to add additional defenses, particularly as they become apparent during the course of these proceedings.

## CROSS-CLAIMS

28. Cross-claim plaintiff DriveSmart Auto Care, Inc. ("DriveSmart"), by its undersigned counsel, for this Cross-Claims against cross-claim defendant DigiDev LLC d/b/a Trisec Warranty and their former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities (individually and collectively "DigiDev"), alleges as follows

29. Drivesmart Auto Care Inc. is a corporation based in New Jersey.

30. Upon information and belief, Digidev is a limited liability company based in Illinois in this District.

31. The parties to the current matter are citizens of different states.

32. The cross-claim plaintiff is a citizen of a different state than the cross-claim defendant.

33. The amount in controversy will be determined by the court in the current action, estimated in good faith to be greater than $75,000.00.

34. This Court has diversity jurisdiction over the cross-claims pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum of $75,000 and this action is between citizens of different states.

## CROSS-CLAIM I –
## CONTRACTUAL INDEMNIFICATION

35. Digidev and DriveSmart are parties to a certain Sales Representative Agreement, dated June 6, 2023 ("Agreement").

36. Pursuant to Section 7(a) of the Agreement, Digidev agreed to indemnify, defend and hold DriveSmart harmless from claims such as those asserted in the Action.

37. Specifically, Digidev agreed to

> "indemnify, defend, and hold harmless [DriveSmart]… from and against any and all damages, claims, liabilities, judgments, awards, penalties, fines,

and expenses, including but not limited to reasonable attorneys' fees, court costs, punitive damages, and exemplary damages resulting from or arising out of … (2) any claims, action, or proceedings asserted by third parties against the [DriveSmart] … on account of any act, error, or omission committed by [Digidev] or [Digidev]'s agents or employees in the performance of any of [Digidev]'s obligations under this Agreement."

Id.

38. Section 7(e) of the Agreement had a notice requirement for any claims between the parties.

39. DriveSmart, through its counsel, served written notice of indemnification by overnight mail on October 10, 2024.

40. DriveSmart's letter satisfied the notice requirements for asserting indemnification pursuant to Section 7(e) of the Agreement.

41. DigiDev is or may be liable to DriveSmart for all or part of the claims asserted by plaintiff Jay Connor in the action against DriveSmart.

**WHEREFORE**, Defendant DriveSmart respectfully requests that this Court enter judgment in their favor and against Plaintiff, and award Defendant DriveSmart costs and attorney's fees and any further relief that this Court deems just and proper. DriveSmart further requests that this Court enter judgment in their favor and against DigiDev, and award DriveSmart costs and attorney's fees and any further relief that this Court deems just and proper.

Date: December 13, 2024

Respectfully submitted,

*Marc Block*
_____
Marc Jonas Block (3051109)
The Law Offices of Marc Jonas Block, PC
40 River Road, Suite 19H
New York, New York 10044
646.821.6886 [Direct]
mblock@mjblocklaw.com